Frank G. Long (#012245)
flong@dickinsonwright.com
J. Alex Grimsley (#019111)
jagrimsley@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004-4568
Phone: (602) 285-5000
Fax: (844) 670-6009
courtdocs@dickinsonwright.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a HBI International,<br><br>   Plaintiff,<br><br>   v.<br><br>Olympic Reef, LLC, a Washington limited liability company,<br><br>   Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff BBK Tobacco & Foods, LLP, d/b/a HBI International ("BBK"), for its Complaint against Defendant Olympic Reef, LLC, states as follows:

## NATURE OF THE CASE

This is an action for trademark infringement, false designation of origin and cybersquatting under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(d), and common law trademark infringement and unfair competition.

## THE PARTIES

1.   BBK is an Arizona limited liability partnership with its principal place of business in Arizona.

2. Defendant Olympic Reef, LLC is a Washington limited liability company with a place of business located at 8470 30th Ave., N.W., Suite E, Lacey, WA 98516.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. This case primarily involves a federal question, complete diversity of citizenship exists, and the amount in controversy exceeds $75,000. Subject matter jurisdiction over BBK's related common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

4. This Court may exercise personal jurisdiction over Defendant because it purposefully directed its activities toward the State of Arizona and, thus, purposefully availed itself of the privileges of conducting business in the State of Arizona, and has directly harmed BBK in this judicial district by using, selling, offering for sale and/or importing products that infringe on BBK's trademarks, which Defendant knew or should have known would cause injury to BBK in Arizona.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the activities giving rise to the claims alleged herein occurred in this district. Plaintiff's place of business is located in this district, Defendant has advertised its infringing goods in this district, and Defendant is subject to personal jurisdiction in this district.

## GENERAL ALLEGATIONS

**A.     BBK's JUICY™ Products, Trademarks and Domain Names**

6. BBK produces, distributes and sells at wholesale smoking and related products, including rolling papers, herbs for smoking, smoking accessories and merchandise, including apparel ("BBK Products").

7. BBK identifies certain of the BBK Products with the name "JUICY," alone or in combination with other words (the "JUICY™ Brand Products").

8. The marks containing the word "JUICY" that BBK uses to identify the JUICY™ Brand Products include "JUICY" and "JUICY JAY'S" (the "JUICY™ Marks").

2

9. The JUICY™ Marks are arbitrary and inherently distinctive marks when used with the JUICY™ Brand Products.

10. BBK has been selling some of the JUICY™ Brand Products in U.S. commerce since as early as 1999.

11. The most recent BBK product catalog identifies numerous different JUICY™ Brand Products, including rolling papers, cones, wraps, hand-held rollers, incense, rolling trays and storage containers.

12. BBK owns the registration of the domain name <www.juicyjays.com> (the "JUICY Domain Name")

13. BBK operates a website (the "JUICY® Website") at the JUICY Domain Name.

14. The JUICY® Website displays information regarding different JUICY™ Brand Products as well as BBK consumer and business information services providing news in the fields of marijuana and cannabis and medical and therapeutic marijuana and cannabis (the "JUICY® Brand Services").

15. The JUICY® Brand Services, when referenced together with the JUICY™ Brand Products, are referred to as the "JUICY™ Brand Products and Services".

16. BBK owns the following U.S. Patent and Trademark Office ("PTO") registrations of some of the JUICY™ Marks used to identify some of BBK's JUICY™ Brand Products and Services:

    a. PTO registration no 3053223, issued January 31, 2006 and amended January 21, 2020, of JUICY as a trademark for "tobacco accessories, namely, rolling papers, rolling machines, pipes" based on application filed on March 23, 2004 and reflecting a date of first use in commerce of June 6, 2001 (the "'223 Registration");

    b. PTO registration no. 4568185, issued July 15, 2014, of JUICY as a trademark for "Herbs for smoking" based on application filed on

3

December 11, 2013 and reflecting a date of first use in commerce of July 26, 2010 (the "'185 Registration");

c. PTO registration no. 5046497, issued September 20, 2016, of JUICY as a trademark for "Providing consumer and business information and related news in the fields of marijuana and cannabis and medical and therapeutic marijuana and cannabis" based on application filed on May 19, 2015 and reflecting a date of first use in commerce of July 20, 2016 (the "'497 Registration");

d. PTO registration no. 7129962, issued August 8, 2023, of JUICY as a trademark for "Hemp wrapper being hemp rolling papers for smoking derived from mature stalks of Cannabis sativa L plant" based on application filed on February 10, 2022 and reflecting a date of first use in commerce of July 29, 2016 (the "'243 Registration");

e. PTO registration no. 2678289, issued January 21, 2003 and amended February 19, 2019, of JUICY JAY'S as a trademark for "tobacco accessories, namely rolling papers" based on application filed on March 22, 2002 and reflecting a date of first use in commerce of June 6, 1999 (the "'289 Registration"); and

f. PTO registration no. 3876971, issued November 16, 2010, of JUICY JAY'S as a trademark for "Tobacco and Herbal Smoke masking incense" based on application filed on April 8, 2010 and reflecting a date of first use in commerce of June 29, 2000 (the "'971 Registration").

17. The document attached to this complaint as **Exhibit A** identifies the JUICY™ Marks registered with the PTO (the "Registered JUICY® Marks").

18. The document attached to this complaint as **Exhibit B** includes a copy of the PTO registration certificate for each of the Registered JUICY® Marks.

4

19. The PTO has acknowledged that the following six Registered JUICY® Marks are incontestable within the meaning of 15 U.S.C. § 1065: the '085 Registration; the '185 Registration; the '223 Registration; the '289 Registration; the '497 Registration and the '971 Registration.

20. BBK filed with the PTO on April 9, 2024, an application (serial no. 98490705) seeking PTO registration of JUICY as a trademark for "Smokers' rolling trays for tobacco," with a date of first use in commerce of May 14, 2020, and as a trademark for "storage containers for tobacco," with a date of first use in commerce of January 20, 2012.

21. The Registered JUICY® Marks include PTO registrations of JUICY® as mark alone, and as a component of compound word marks, for JUICY™ Brand Products and Services.

22. Each of the JUICY™ Marks that identify JUICY™ Brand Products and Services and that share the word "JUICY" as the common characteristic constitute a BBK family of JUICY™ Marks.

23. BBK has composed and uses the BBK family of JUICY™ Marks in such a way that, on information and belief, the public associates each individual mark and their common characteristic, "JUICY," with products originating from a single source, namely BBK.

24. On information and belief, the purchasing public for smoking products and accessories recognizes each of the JUICY™ Marks and the word "JUICY" itself, as an indicator of a common origin of the smoking goods and information services identified by marks containing the word "JUICY."

25. BBK promotes the JUICY™ Brand Products and Services using the JUICY™ Marks through, among other things, internet advertising, point-of-sale materials, event sponsorships, contests and trade-show attendance.

26. BBK sales and promotion of the JUICY™ Brand Products and Services using the JUICY™ Marks have made the JUICY™ Marks valuable as identifiers of

BBK's JUICY™ Products and Services that serve to distinguish the JUICY™ Brand Products and Services from competing and complementary products and services.

27.     The JUICY™ Marks have significant goodwill in the marketplace and are uniquely associated with BBK and its business, as well as the quality and nature of the JUICY™ Brand Products and Services.

**B.      Defendant's Infringing Acts**

28.     On information and belief, Defendant sells cannabis products (specifically, cannabis products that would be classified as "marijuana" under U.S. Federal law) and related merchandise ("Defendant's Products").

29.     Upon information and belief, Defendant uses the name "JUICY JOINTS" as a trade name for Defendant ("Defendant's JUICY Trade Name").

30.     Upon information and belief, Defendant identifies, or has identified, some of Defendant's Products using names that include the word "juicy" ("Defendant's JUICY-Named Products").

31.     Upon information and belief, Defendant has used the phrase "Make Mine Juicy" ("Defendant's JUICY Tagline") to advertise and promote Defendant's JUICY-Named Products.

32.     Upon information and belief, Defendant's JUICY-Named Products include flavored, pre-rolled cannabis cigarettes, or "joints," using the names "JUICY JOINTS," "SUPER JUICY'S," "SUPERS BY JUICY JOINTS," and/or "CDB JUICY JOINTS" (together with Defendant's JUICY Trade Name and Defendant's JUICY Tagline, "Defendant's JUICY Product Names").

33.     Upon information and belief, Defendant operates and owns a website ("Defendant's Website") using the domain name <https://www.makeminejuicy.com>, first registered in August 2018 ("Defendant's Domain Name").

34.     Defendant's Website uses Defendant's JUICY Product Names to advertise, promote and sell Defendant's JUICY-Named Products.

6

35. Upon information and belief, Defendant operates an Instagram account using the handle "juicyjointsrock" ("Defendant's Instagram").

36. Defendant's Instagram uses Defendant's JUICY Product Names to advertise and promote Defendant's JUICY-Named Products.

37. Upon information and belief, Defendant first used Defendant's JUICY Product Names at a date after BBK was already using the JUICY™ Marks in commerce to identify JUICY™ Brand Products and Services provided by BBK.

38. When Defendant first adopted names using the word "juicy" for Defendant's JUICY-Named Products, Defendant had, at least, constructive notice of BBK's Registered JUICY® Marks.

39. Upon information and belief, when Defendant adopted names using the word "juicy" for Defendant's JUICY-Named Products, Defendant had actual knowledge of the JUICY™ Marks, including the Registered JUICY® Marks, used by BBK.

40. Defendant's JUICY Product Names use the word "juicy."

41. The word "juicy" is the predominant element of each of Defendant's JUICY Product Names.

42. The word "juicy" in Defendant's JUICY Product Names is identical in appearance, pronunciation, meaning and suggestion to the word "juicy" in the JUICY™ Marks used by BBK.

43. The predominant use of the identical word "juicy" causes the overall commercial impression of Defendant's JUICY Product Names to be significantly similar in sight, sound and meaning and overall commercial impression to the JUICY™ Marks used by BBK.

44. Defendant's JUICY-Named Products are competitive with, or at least complementary in purpose and function to, the JUICY™ Brand Products and Services provided by BBK.

45. On information and belief, Defendant's JUICY-Named Products are sold to the consuming public primarily through cannabis retailers licensed in Washington, including both brick-and-mortar and on-line storefronts.

46. BBK has sold JUICY™ Brand Products directly to more than one hundred seventy-five (175) distributors or retailers in Washington, including numerous licensed cannabis retailers.

47. On information and belief, additional retailers in Washington, including licensed cannabis retailers, purchase BBK's JUICY™ Brand Products from distributors other than BBK for resale to the consuming public.

48. On information and belief, many of the Washington retailers that offer Defendant's JUICY-Named Products for sale to the consuming public also offer JUICY™ Brand Products of BBK for sale to the consuming public.

49. Searching for the word "juicy' on the online storefront for many of these licensed cannabis retailers returns results that include both the JUICY™ Brand Products produced and sold by BBK and Defendant's JUICY-Named Products.

50. For example, the document attached to this complaint as **Exhibit C** contains captures of internet search results for the word "juicy" at the following stores: Salish Coast Cannabis in Anacortes, WA; American Mary in Seattle, WA; and Canna4Life in Clarkston, WA.

51. Each Webpage capture in Exhibit C displays search results for the word "juicy" including both BBK's JUICY™ Brand Products and Defendant's JUICY-Named Products.

52. On information and belief, Defendant's JUICY-Named Products are sold to the same consumers in many of the same retail establishments as the JUICY™ Brand Products produced and sold by BBK.

53. On information and belief, Defendant's JUICY-Named Products are marketed in the same channels of trade as the JUICY™ Brand Products produced and sold by BBK.

8

54. On information and belief, Defendant's JUICY-Named Products and BBK's JUICY™ Brand Products are all sold to consumers at relatively low absolute prices per unit or individual package.

55. Upon information and belief, customers who purchase Defendant's JUICY-Named Products are not likely to exercise more than an ordinary degree of care in making their decision whether to purchase Defendant's JUICY-Named Products.

56. Upon information and belief, Defendant is using, and has used, the JUICY Product Names intentionally to trade upon the goodwill and substantial recognition associated with the JUICY™ Brand Products offered under the JUICY™ Marks, including the Registered JUICY® Marks, used by BBK.

57. Upon information and belief, Defendant is using, and has used, the JUICY Product Names falsely to associate Defendant's JUICY-Named Products with BBK and its JUICY™ Brand Products and Services.

58. Upon information and belief, Defendant is using, and has used, the JUICY Product Names intentionally to cause consumer confusion, mistake or deception regarding the origin, association or sponsorship of Defendant's JUICY-Named Products.

59. Upon information and belief, Defendant uses, and has used, the JUICY Product Names to cause consumers and potential consumers to believe erroneously that Defendant's JUICY-Named Products are associated with BBK.

## COUNT 1
### (Federal Trademark Infringement—15 U.S.C. § 1114)

60. BBK re-alleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

61. BBK is the owner of the Registered JUICY® Marks.

62. The Registered JUICY® Marks are valid, protectable trademarks.

63. Without the consent of BBK, Defendant uses, and has used, in commerce a colorable imitation of the Registered JUICY® Marks in connection with the selling, offering for sale, distributing and/or advertising of Defendant's JUICY-Named Products.

64. On information and belief, Defendant's acts have actually caused, or are likely to cause, confusion, mistake, or deception because the relevant public has mistakenly believed, or it is likely that the relevant public will mistakenly believe, that Defendant's JUICY-Named Products marketed and sold using the JUICY Product Names have their source or origin with BBK or are in some manner approved by, associated with, sponsored by or connected with BBK and its JUICY™ Brand Products and Services identified by the Registered JUICY® Marks.

65. Defendant's acts, undertaken without the consent of BBK, infringe BBK's rights in the Registered JUICY® Marks.

66. Upon information and belief, Defendant's actions were undertaken willfully, and with the intent to confuse and deceive the public.

67. Defendant's acts have damaged, and will continue to damage, BBK's business, reputation and goodwill and have interfered, and will continue to interfere, with BBK's use of the Registered JUICY® Marks and the sale of the JUICY™ Brand Products using the Registered JUICY® Marks.

68. Defendant has caused, and unless enjoined, will continue to cause, irreparable harm and injury to BBK for which there is no adequate remedy at law.

69. Pursuant to 15 U.S.C. § 1116, Defendant should be permanently enjoined from using the JUICY Product Names, or any variant thereof, or otherwise infringing on BBK's trademark rights in the Registered JUICY® Marks.

70. Pursuant to 15 U.S.C. § 1117, BBK is entitled to recover from Defendant:

    a. All profits received by Defendant from its use of the JUICY Product Names or variants thereof;

    b. Damages sustained by BBK due to Defendant's use of the JUICY Product Names, including the cost of corrective advertising;

    c. Exceptional damages for intentional infringement, bad faith, and willful misconduct, equal to three times profits or damages, whichever is greater; and

1           d.     All costs of this action, including attorneys' fees.

2     71.    Pursuant to 15 U.S.C. § 1118, BBK is also entitled to an order compelling Defendant to destroy all materials bearing the JUICY Product Names, or variants thereof, including Defendant's JUICY-Named Products or other products or services related to Defendant's JUICY-Named Products.

## COUNT 2
### (Federal False Designation of Origin—15 U.S.C. § 1125(a))

72.    BBK re-alleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

73.    BBK is the owner of the JUICY™ Marks.

74.    The JUICY™ Marks are valid, protectable trademarks.

75.    On information and belief, Defendant's use of the JUICY Product Names in commerce to identify Defendant's JUICY-Named Products has caused, or is likely to cause, confusion, mistake and deception as to the affiliation, connection or association between Defendant's JUICY-Named Products and BBK's Products and Services, including the JUICY™ Brand Products.

76.    On information and belief, Defendant has infringed on BBK's trademark rights with the intent to: compete against BBK, trade on BBK's reputation and goodwill by causing consumer confusion and to mislead and deceive the public into believing that Defendant's JUICY-Named Products are associated with, sponsored by, or approved by BBK, when they are not.

77.    Defendant had constructive knowledge of BBK's ownership and prior use of the JUICY™ Marks, including the Registered JUICY® Marks, and on information and belief, Defendant had actual knowledge of BBK's ownership and prior use of the JUICY™ Marks and, without BBK's consent, willfully violated 15 U.S.C. § 1125(a).

78.    Defendant's acts have damaged, and will continue to damage, BBK's business, reputation and goodwill, and have interfered, and will continue to interfere, with BBK's use of the JUICY™ Marks and the sale of the JUICY™ Brand Products.

79. Defendant has caused, and unless enjoined, will continue to cause, irreparable harm and injury to BBK for which there is no adequate remedy at law.

80. Pursuant to 15 U.S.C. § 1116, Defendant should be permanently enjoined from using the JUICY Product Names, or any variant thereof, or otherwise infringing on BBK's trademark rights in the JUICY™ Marks.

81. Pursuant to 15 U.S.C. § 1117, BBK is entitled to recover from Defendant:

   a. All profits received by Defendant from its use of JUICY Product Names or variants thereof;

   b. Damages sustained by BBK due to Defendant's use of JUICY Product Names, including the cost of corrective advertising;

   c. Exceptional damages for intentional infringement, bad faith, and willful misconduct, equal to three times profits or damages, whichever is greater; and

   d. All costs of this action, including attorneys' fees.

82. Pursuant to 15 U.S.C. § 1118, BBK is also entitled to an order compelling Defendant to destroy all materials bearing JUICY Product Names, or variants thereof, including Defendant's JUICY-Named Products or other products or services related to Defendant's JUICY-Named Products.

## COUNT 3
### (Cybersquatting – 15 U.S.C. § 1125(d))

83. BBK re-alleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

84. At the time Defendant's Domain Name was registered, the JUICY™ Marks were distinctive.

85. Defendant's Domain Name, registered and/or used by Defendant, is confusingly similar to the JUICY™ Marks.

86. Defendant's Domain Name, registered and/or used by Defendant, is confusingly similar to the JUICY Domain Name registered by BBK.

12

87. On information and belief, Defendant registered Defendant's Domain Name with a bad faith intent to profit from the JUICY™ Marks.

88. On information and belief, Defendant is using, and has used, Defendant's Domain Name with a bad faith intent to profit from the goodwill represented by the JUICY™ Marks.

89. On information and belief, Defendant registered and/or used Defendant's Domain Name with the intent to divert BBK customers or potential customers, to Defendant for its own commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of Defendant's Website.

90. Defendant's registration and/or use of Defendant's Domain Name violates 15 U.S.C. § 1125(d).

91. Defendant's acts have damaged, and will continue to damage, BBK's business, reputation and goodwill, and have interfered, and will continue to interfere, with BBK's use of the JUICY™ Marks, the JUICY Domain Name, and the sale of the JUICY™ Brand Products.

92. Defendant has caused, and unless enjoined, will continue to cause, irreparable harm and injury to BBK for which there is no adequate remedy at law.

93. Pursuant to 15 U.S.C. § 1116, Defendant should be permanently enjoined from using, registering or maintaining Defendant's Domain Name, or seeking, maintaining or renewing any domain name incorporating the JUICY Product Names or any other name likely to cause confusion, mistake or deception with the JUICY™ Marks.

94. Pursuant to 15 U.S.C. § 1116, Defendant should be directed to transfer to BBK Defendant's Domain Name.

95. Pursuant to 15 U.S.C. § 1117, BBK is entitled to recover from Defendant:
    a. All profits received by Defendant from its use of Defendant's Domain Name or variants thereof;
    b. Damages sustained by BBK due to Defendant's use of Defendant's Domain Name;

13

        c.      At BBK's election, and in lieu of profits and actual damages, statutory damages of up to $100,000, but not less than $1,000; and

        d.      All costs of this action, including attorneys' fees.

## COUNT 4
### (Common Law Trademark Infringement)

96. BBK re-alleges and incorporates by reference all allegations contained in the above paragraphs of this Complaint, as though fully set forth herein.

97. BBK and Defendant are engaged in the sale of goods that target consumers interested in smoking-related products.

98. BBK has common law trademark rights in Arizona, Washington and other states to the JUICY™ Marks through BBK's use of the marks in those states and the sale of BBK's products using the JUICY™ Marks in those states.

99. BBK owns the JUICY™ Marks, some of which BBK has been using in commerce since as early as 1999.

100. Upon information and belief, Defendant uses the JUICY Product Names in connection with the promotion, sale, or offering for sale, of smoking-related products in Arizona, Washington, and other states where BBK has common law trademark rights in the JUICY™ Marks.

101. Defendant's use of the JUICY Product Names and variants thereof has caused, or is likely to cause, confusion, mistake, or deception as to the source, origin, sponsorship, or approval of Defendant's JUICY-Named Products, and constitutes infringement of the BBK's JUICY™ Marks.

102. By its actions, Defendant has infringed the BBK's JUICY™ Marks deliberately and with the intention of wrongfully trading on the goodwill and reputation symbolized by the BBK JUICY™ Marks.

103. As a result of Defendant's aforesaid conduct, BBK has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by BBK in the JUICY™ Marks.

14

104. BBK is entitled to recover an amount equivalent to the amount of profits that Defendant has derived and may continue to derive as a result of their unlawful misappropriation and infringement of the JUICY™ Marks.

105. Defendant's conduct as described above has been willful, deliberate, malicious, and with intent to injure BBK. Therefore, BBK is also entitled to recover exemplary damages from Defendant in an amount sufficient to punish Defendant and to deter it and others from engaging in similar wrongful conduct in the future.

106. Defendant should also be permanently enjoined from using the JUICY Product Names or variants thereof to identify Defendant's JUICY-Named Products or other products or services identical or related to the JUICY™ Brand Products.

## COUNT 5

### (Common Law Unfair Competition)

107. BBK re-alleges and incorporates by reference all allegations contained in the above paragraphs of this Complaint as though fully set forth herein.

108. BBK and Defendant are engaged in the sale of goods that target consumers interested in smoking-related products.

109. BBK has common law trademark rights in Arizona, Washington and other states to the JUICY™ Marks through BBK's use of the JUICY™ Marks in those states.

110. BBK owns the JUICY™ Marks, some of which BBK has used in commerce since as early as 1999.

111. Upon information and belief, Defendant uses the JUICY Product Names in connection with the promotion, sale, or offering for sale, of smoking-related products in Arizona, Washington and other states where BBK has common law trademark rights in the JUICY™ Marks.

112. BBK has not authorized Defendant to use the JUICY Product Names in connection with any of Defendant's JUICY-Named Products.

15

113. By virtue of the acts outlined herein, Defendant has intentionally caused a likelihood of confusion among the public and has unfairly competed with BBK.

114. Defendant's willful acts of unfair competition have caused damage and irreparable injury to BBK in an amount to be determined at trial.

115. Defendant's willful acts of unfair competition constitute fraud, oppression, and malice. Accordingly, BBK is entitled to exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, BBK respectfully prays that the Court grant the following relief:

1. A judgment in favor of BBK and against Defendant on all causes of action alleged herein;

2. A judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1114 et seq.;

3. A judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1125(a)(1)(A);

4. A judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1125(d)(1)(A);

5. A judgment that Defendant has infringed BBK's JUICY™ Marks under the common law;

6. A judgment that Defendant has unfairly competed with BBK under the common law;

7. A permanent injunction, pursuant to 15 U.S.C. § 1116 and common law, preventing Defendant from:

   a. copying, manipulating, reproducing, distributing, selling, displaying, or otherwise using in any manner the JUICY Product Names to identify or advertise Defendant's JUICY-Named Products or other products or services identical or related to BBK's JUICY™ Brand Products;

  b. using the JUICY Product Names or any other identical or similar mark, word or name as a trademark, service mark, trade name or corporate name in any manner likely to cause confusion, mistake or deception with BBK and the BBK JUICY™ Marks, or any JUICY™ Brand Products; or

  c. seeking, maintaining or renewing any Internet domain name representing or incorporating the JUICY Product Names or any identical or similar mark, word, or name in any manner likely to cause confusion, mistake or deception with BBK or the JUICY™ Marks;

8. An order directing Defendant to:

  a. notify all customers, distributors, advertisers, and other persons, involved in Defendant's sale of, or attempt to sell, products or services using the JUICY Product Names, that the JUICY™ Marks are owned and controlled exclusively by and for the benefit of BBK;

  b. deliver to BBK to be destroyed all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendant's possession and bearing the JUICY Product Names (or any other mark, name, or other designation, description, or representation that violates 15 U.S.C. § 1125(a)) or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same;

  c. cause the registration of Defendant's Domain Name to be transferred to BBK; and

  d. file with this Court and serve upon BBK within thirty (30) days after the service of the injunction, a written report, created under oath, that sets forth in detail the manner and form in which Defendant has complied with the injunction pursuant to 15 U.S.C. § 1116;

9. An accounting for any and all profits derived from Defendant's infringement;

10. Pursuant to 15 U.S.C. § 1117 and common law, an award to BBK of:

    a. Defendant's profits and compensatory damages, in an amount to be proven at trial, for the injuries sustained by BBK as a result of the acts complained of herein and that said damages be trebled pursuant to 15 U.S.C. § 1117(b);

    b. BBK's actual damages, including, but not limited to, BBK's added advertising costs necessitated by Defendant's sale of Defendant's JUICY-Named Products; and

    c. Exceptional damages for intentional infringement, bad faith, and willful conduct; and

    d. All costs of this action;

11. An award to BBK of its full costs in litigating this matter, including reasonable attorneys' fees; and,

12. An award to BBK of any such other and/or further relief as the Court deems just and equitable under the circumstances.

Dated: July 23, 2024

Respectfully submitted,

**DICKINSON WRIGHT PLLC**

*/s/ J. Alex Grimsley*
Frank G. Long
J. Alex Grimsley
**DICKINSON WRIGHT PLLC**
1850 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004-4568
*Attorneys for Plaintiff*